IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BAYYANAH HANNIBAL | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| SUPERINTENDENT ROZUM, et al. | : | NO.  07-3910 |

<u>REPORT AND RECOMMENDATION</u>

THOMAS J. RUETER                                       August 13, 2008
Chief United States Magistrate Judge

Presently before the court is a counseled petition for a writ of habeas corpus filed

pursuant to 28 U.S.C. § 2254.  For the reasons stated below, this court recommends that the

petition be denied.

I.      **BACKGROUND**

On May 26, 2000, the District Attorney for Philadelphia County filed charges of

burglary and criminal trespass against petitioner.  Petitioner was arrested on these charges on

February 12, 2002 (Criminal No. 0204-0136).

On June 21, 2002, petitioner filed a document titled: "Petition to Dismiss Under

Rule 600 (formerly known as 1100) and for trial violations under the State and Federal

Constitutions" ("Petition to Dismiss").  Specifically, petitioner alleged that her rights to a speedy

trial under the Pennsylvania Rules of Criminal Procedure and the federal constitution were

violated.  <u>See</u> Petition to Dismiss, at ¶ 4, No. 0136, April Term 2002 (C.P. Phila.).  The

Honorable Dennis Cohen of the Philadelphia Court of Common Pleas held a hearing on the

Petition to Dismiss on August 2, 2002.  Judge Cohen subsequently denied the Petition to Dismiss

and petitioner was tried before a jury on April 24 and 25, 2003.  The jury convicted petitioner of

burglary and criminal trespass, and the court sentenced her to an aggregate sentence of ten to twenty years imprisonment.

Petitioner appealed to the Superior Court of Pennsylvania, which affirmed in a memorandum opinion dated May 4, 2005.  Commonwealth v. Hannibal, 880 A.2d 7 (Pa. Super. Ct. 2005) (Table).  On October 25, 2005, the Pennsylvania Supreme Court denied petitioner's request for allowance of appeal.  Commonwealth v. Hannibal, 889 A.2d 87 (Pa. 2005) (Table).

Petitioner then filed a petition for relief pursuant to Pennsylvania's Post Conviction Relief Act ("PCRA"), 42 Pa. Cons. Stat. Ann. § 9541, et seq.  On June 2, 2006, the PCRA court dismissed the petition.  On May 2, 2007, the Superior Court of Pennsylvania affirmed.  Commonwealth v. Hannibal, 929 A.2d 239 (Pa. Super. Ct. 2007).  It does not appear that petitioner appealed further to the Pennsylvania Supreme Court.

On September 18, 2007, petitioner, represented by counsel, filed a petition for a writ of habeas corpus in this court.  In her petition, she raises two claims: (1) her rights to a speedy trial pursuant to the United States Constitution and Pennsylvania Rule of Criminal Procedure 600(A)(3) were violated;[1] and (2) trial counsel was ineffective in not raising the affirmative defense of the statute of limitations.

On May 23, 2008, the District Attorney for Philadelphia County filed a Response to the petition (Doc. No. 5) and argued that the two claims are meritless and, therefore, the petition should be denied.

---

[1]      Rule 600(A)(3) (formerly Rule 1100) requires that criminal defendants, who are not pre-trial detainees, be tried within one-year from the filing of charges against the defendants.

## II.     DISCUSSION

### A.     Habeas Corpus Standards

Petitioner's habeas petition is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").  The provisions of the AEDPA relevant to the instant matter provide as follows:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim -
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1) and (2).  With respect to Section 2254(d)(1), a federal habeas petitioner is entitled to relief under the "contrary to" clause only if "the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts."  Williams v. Taylor, 529 U.S. 362, 413 (2000).  See also Douglas v. Cathel, 456 F.3d 413, 416 (3d Cir. 2006) (same). The Court in Williams was careful to note that most cases will not fit into this category, which is limited to direct and unequivocal contradiction of Supreme Court authority.  Williams, 529 U.S. at 406-08.  See also Matteo v. Superintendent, SCI Albion, 171 F.3d 877, 888 (3d Cir.) (en banc) (to obtain relief under "contrary to" clause, "it is not sufficient for the petitioner to show merely that his interpretation of Supreme Court precedent is more plausible than the state court's; . . .

petitioner must demonstrate that Supreme Court precedent <u>requires</u> the contrary outcome") (emphasis in original), <u>cert. denied</u>, 528 U.S. 824 (1999).

Under the "unreasonable application" clause of Section 2254(d)(1), a federal court may grant the writ if the state court identifies the correct governing legal principle from the Supreme Court's decisions but unreasonably applies that principle to the facts of the prisoner's case. <u>Williams</u>, 529 U.S. at 413. Hence, a federal habeas court may not issue the writ simply because that court concludes that the relevant state-court decision applied clearly established federal law erroneously or incorrectly, relief is appropriate only where the state court decision is also objectively unreasonable. <u>Id.</u> at 411. <u>See</u> <u>Werts v. Vaughn</u>, 228 F.3d 178, 197 (3d Cir. 2000) (federal habeas court should not grant the petition unless "the state court decision, evaluated objectively and on the merits, resulted in an outcome that cannot reasonably be justified "under existing Supreme Court precedent) (quoting <u>Matteo</u>, 171 F.3d at 891), <u>cert. denied</u>, 532 U.S. 980 (2001).

With respect to 28 U.S.C. § 2254(d)(2), which dictates that federal habeas relief may be granted when the state court adjudication was based on an unreasonable determination of the facts in light of the evidence presented, the petitioner must demonstrate that a reasonable fact finder could not have reached the same conclusions given the evidence. If a reasonable basis existed for the factual findings reached in the state court, then habeas relief is not warranted. <u>Campbell v. Vaughn</u>, 209 F.3d 280, 290-91 (3d Cir. 2000), <u>cert. denied</u>, 531 U.S. 1084 (2001).

A federal court considering habeas relief may not consider a petitioner's claims of state law violations, but must limit its review of issues of federal law. <u>See</u> <u>Estelle v. McGuire</u>, 502 U.S. 62, 67-68 (1991) (not the province of a federal habeas court to re-examine state court

4

determinations of state law); <u>Pulley v. Harris</u>, 465 U.S. 37, 41 (1984) ("A federal court may not issue the writ on the basis of a perceived error of state law.").  Furthermore, "a determination of a factual issue made by a State court shall be presumed to be correct.  The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence."  28 U.S.C. § 2254(e)(1).

  **B.**  <u>**Ineffective Assistance of Counsel**</u>

    Since petitioner alleges a claim of ineffective assistance of counsel, the court can briefly set forth the standards that govern a review of this claim.  In <u>Strickland v. Washington</u>, 466 U.S. 668 (1984), the Supreme Court set forth a two prong test that a petitioner must satisfy before a court will find that counsel did not provide effective assistance.  Under the <u>Strickland</u> test, a petitioner must show: (1) that his attorney's representation fell well below an objective standard of reasonableness; and (2) that there exists a reasonable probability that, barring counsel's ineffectiveness, the result of the proceeding would have been different.  <u>Id.</u> at 688-96. To satisfy the first prong of the <u>Strickland</u> test, a petitioner is required to show that "counsel made errors so serious that counsel was not functioning as 'counsel' guaranteed the defendant by the Sixth Amendment."  <u>Id.</u> at 687.  In evaluating counsel's performance, a reviewing court should be "highly deferential" and must make "every effort . . . to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time."  <u>Id.</u> at 689.  Moreover, there is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'"  <u>Id.</u> (citation omitted).

To satisfy the second prong of the Strickland test, a petitioner must show there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different.  Id. at 694.  "A reasonable probability is a probability sufficient to undermine confidence in the outcome" of the proceeding.  Id.  It follows that counsel cannot be ineffective for failing to pursue meritless claims or objections.  Werts, 228 F.3d at 203; United States v. Sanders, 165 F.3d 248, 253 (3d Cir. 1999); United States v. Fulford, 825 F.2d 3, 9 (3d Cir. 1987).  In such a situation, the second prong of the Strickland test has not been satisfied. Furthermore, counsel is not ineffective for failing to raise all possible claims of trial court error on appeal.  Counsel may exercise his or her professional judgment as to which claims to pursue. See Jones v. Barnes, 463 U.S. 745, 750-54 (1983) (decision of what issues to raise on appeal is charged to counsel; counsel need not assert every non-frivolous issue to guard against subsequent claim of ineffectiveness).  Thus, it is not inappropriate for counsel, after consultation with his client, to override the client's wishes when exercising professional judgment regarding which issues to pursue on appeal.  Sistrunk v. Vaughn, 96 F.3d 666, 670 (3d Cir. 1996).

Where, as in the instant case, the state court has already rejected an ineffective assistance of counsel claim, a federal court must defer to the state court's decision pursuant to 28 U.S.C. § 2254(d)(1).  As the Supreme Court stated:

> If a state court has already rejected an ineffective-assistance claim, a federal court may grant habeas relief if the decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States."  28 U.S.C. § 2254(d)(1).  Where, as here, the state court's application of governing federal law is challenged, it must be shown to be not only erroneous, but objectively unreasonable.

Yarborough v. Gentry, 540 U.S. 1, 4 (2003) (per curiam) (citations omitted).

### III.    PETITIONER'S CLAIMS

####       A.       Claim One - Speedy Trial

In the state courts, petitioner raised her speedy trial claim primarily as being a violation of Pennsylvania Rule of Criminal Procedure 600.  For example, the Superior Court of Pennsylvania characterized the claim as follows:

> Whether the trial court erred when they [sic] denied the Appellant's Motion For Dismissal Pursuant To Rule 600, since the Commonwealth did not act with due diligence in locating the Appellant [?]

Commonwealth v. Hannibal, No. 2519 EDA 2003, slip op. at 3 (Pa. Super. Ct. May 4, 2005).

To the extent petitioner raises only a violation of Pennsylvania Rule of Criminal Procedure 600, such a claim raises an issue of state law which is not cognizable in a federal habeas proceeding.  See Wells v. Petsock, 941 F.2d 253, 256 (3d Cir. 1991) ("We can take no cognizance of non-constitutional harm to the defendant flowing from a state's violation of its own procedural rule, even if that rule is intended as a guide to implicate a federal constitutional guarantee.") cert. denied, 505 U.S. 1223 (1992); Cooper v. Vaughn, 1993 WL 264699, at *3 (E.D. Pa. June 30, 1993) (claims which arise under Pennsylvania's speedy trial rule are "state law claims that provide no ground for federal habeas relief"); Cook v. Petsock, 1993 WL 21044, at *1 (E.D. Pa. Jan. 19, 1993) (same).

Furthermore, a violation of Pa. R. Crim. P. 600, does not necessarily amount to a violation of the federal constitutional right to a speedy trial.  In Wells, supra, the Third Circuit held that Pennsylvania's rule requiring a trial to take place within a prescribed time period, "does not define the contours of the federal constitutional right to a speedy trial."  941 F.2d at 256. Rather, petitioner's federal speedy trial claim is governed solely by the Sixth Amendment.  The

Sixth Amendment to the United States Constitution guarantees that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial."  U.S. Const. Amend. VI.  In Barker v. Wingo, 407 U.S. 514, 530-33 (1972), the Supreme Court identified four factors to consider in determining whether a trial delay infringes the Sixth Amendment right: (1) the length of delay; (2) the validity of the reasons for the delay; (3) whether the defendant affirmatively asserted his right; and (4) whether the defendant was prejudiced by the delay.  This court will now apply these Barker factors to the circumstances of the instant case.

### 1.   The Length of The Delay

The first Barker factor is the length of the delay.  As mentioned earlier, the District Attorney filed charges against petitioner on May 26, 2000, but petitioner was not arrested until February 12, 2002.  Petitioner was tried before a jury on April 24 and 25, 2003.  The nearly three year delay in bringing petitioner to trial from the date of the filing of the charges is not, in and of itself, dispositive of a Sixth Amendment violation.  See United States v. Dent, 149 F.3d 180, 185 (3d Cir. 1998) (delay of five years between defendant's arrest and his trial did not violate his right to speedy trial.), cert. denied, 525 U.S. 1085 (1999).  However, the time period is sufficiently lengthy to justify an inquiry into the remaining Barker factors.  See Doggett v. United States, 505 U.S. 647, 651 n.1, 658 (1992) (observing that most courts find a post-accusation delay "presumptively prejudicial" at least as it approaches one year).

### 2.   The Reason For The Delay

The primary reason for the delay in petitioner's state trial was the failure of the police to locate petitioner to effectuate her arrest after the filing of the criminal charges.  The Superior Court of Pennsylvania reviewed the reasons for the delay in apprehending petitioner and

8

found that the Commonwealth acted diligently in its efforts to arrest the petitioner.  The Superior

Court found the following:

> Instantly, charges were filed against Appellant on May 26, 2000.  The police arrested her 625 days later, on February 12, 2002, and her trial did not commence until August 14, 2003.  However, the period between the issuance of Appellant's complaint and her arrest is excludable from the Rule 600 calculation if the Commonwealth acted with due diligence in apprehending Appellant.  See Pa. R. Crim. P. 600(C)(1).  At the Rule 600 hearing, Detective Burke testified he visited the residence where Appellant was known to reside in June of 2000, a few weeks after the May 26th complaint was issued.  The person residing there told Detective Burke Appellant was in Luzerne County.  Also in June of 2000, Detective Burke entered Appellant's information into the police database.  Several months later, by January 2001, Detective Burke was able to locate Appellant in Luzerne County Prison.  Detective Burke attempted to have Appellant detained and extradited to Philadelphia based on the outstanding arrest warrant, but Appellant was released from Luzerne County Prison before the paperwork could be completed.  In August of 2001, Detective Burke unsuccessfully attempted to use the police database to located Appellant.  Appellant eventually turned herself in on February 12, 2002.
>
> Based on the testimony of Detective Burke, the trial court determined the Commonwealth met its burden of establishing the police exercised due diligence in attempting to apprehend Appellant.  We agree with the trial court that Detective Burke made consistent, reasonable efforts to locate and apprehend Appellant.  Although Detective Burke did not contact Appellant's Luzerne County probation officer, there is no evidence Appellant regularly reported to this probation officer or that the probation officer knew Appellant's location.  We decline to second-guess Detective Burke's investigative work under these circumstances.

Commonwealth v. Hannibal, No. 2519 EDA 2003, slip op. at 6-7 (Pa. Super. Ct. May 4, 2005)

(citations omitted).

The state court findings as to the diligence of the Commonwealth in searching for

petitioner are entitled to a presumption of correctness.  See 28 U.S.C. § 2254(e)(1)

(determinations of factual issues made by state courts are presumed to be correct, unless they are

rebutted by petitioner by clear and convincing evidence); <u>Cooper</u>, 1993 WL 264699, at *4 ("State court findings on the cause of delay are entitled to a presumption of correctness.").  Because the state court found that the Commonwealth acted diligently in apprehending petitioner, and petitioner has not shown that finding to be incorrect, this court finds that the delay in arresting petitioner was not improper or unreasonable.

          **3.**       **Defendant's Assertion of Her Speedy Right Claim**

       There appears to be no question that petitioner timely asserted her claim for a speedy trial.  After her arrest, on February 12, 2002, petitioner filed a motion to dismiss on June 21, 2002, on the grounds that her speedy trial rights were violated.

          **4.**       **Prejudice By The Delay**

       The fourth <u>Barker</u> factor is whether petitioner suffered prejudice from the delay. In <u>Barker</u>, the Supreme Court identified three types of prejudice resulting from a delayed trial: (1) oppressive pretrial incarceration; (2) anxiety and concern of the accused; and (3) possible impairment of the defense.  407 U.S. at 532.  Here, petitioner has not shown any harm or prejudice caused by the delay.  There is no claim that evidence was destroyed or that witnesses were lost.  Furthermore, petitioner was <u>not</u> incarcerated on these charges during the period between the filing of the charges and her arrest.  <u>See</u> <u>Dent</u>, 149 F.3d at 184 ("[T]he seriousness of a post-accusation delay varies depending on the circumstances, and a waiting period during which the defendant is not detained presents fewer concerns than a wait accompanied by pretrial incarceration.").

          In conclusion, after careful application of the <u>Barker</u> factors to the record in this case, this court concludes that the state courts did not act unreasonably when they found that

petitioner's right to a speedy trial was not violated.  Accordingly, petitioner's first claim should be denied.

B.    **Claim Two - Ineffective Assistance of Counsel**

Petitioner's final claim is that trial counsel was ineffective for not asserting the defense that the statutes of limitations for trespass and burglary had expired.  The Superior Court of Pennsylvania rejected this claim because the applicable statutes of limitations had not expired and counsel could not have been ineffective for failing to raise a meritless claim. Commonwealth v. Hannibal, No. 1860 EDA 2006, slip op. at 6-7 (Pa. Super. Ct. May 2, 2007).

This court is bound by the Superior Court's determination that the two statutes of limitations did not bar the prosecution of petitioner for trespass and burglary.  See Johnson v. Rosemeyer, 117 F.3d 104, 115 (3d Cir. 1997) ("[O]nly in extraordinary and compelling circumstances should a federal district court in a habeas corpus case decline to follow the opinions of a state intermediate court of appeal with respect to state law rendered in earlier proceedings involving the petitioner.").  Because the state court found that the statute of limitations defense was meritless, counsel cannot be ineffective for failure to raise a meritless defense.  See Sanders, 165 F.3d at 253 ("There can be no Sixth Amendment deprivation of effective counsel based on an attorney's failure to raise a meritless argument.").  Accordingly, petitioner's second claim should be denied.

IV.    **CONCLUSION**

For all the above reasons, the court makes the following:

**RECOMMENDATION**

11

AND NOW, this 13th day of August, 2008, it is respectfully recommended that the petition for a writ of habeas corpus be **DENIED** and that no certificate of appealability ("COA") be granted.[2]

The petitioner may file objections to this Report and Recommendation.  See Loc. R. Civ. P. 72.1.  Failure to file timely objections may constitute a waiver of any appellate rights.

BY THE COURT:

/s/ Thomas J. Rueter
THOMAS J. RUETER
Chief United States Magistrate Judge

---

[2]    The COA should be denied because petitioner has not shown that reasonable jurists could debate whether his petition should be resolved in a different manner or that the issues presented are adequate to deserve encouragement to proceed further.  See Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).